UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JESSE MACKLAMOR WILLIAMS,

    Petitioner,

v.

    Case Number 1:17-CV-13369
    Honorable Thomas L. Ludington
    United States District Judge

CARMEN D. PALMER,

    Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS***

Petitioner Jesse Macklamor Williams is presently confined at the Michigan Reformatory in Ionia, Michigan. On October 5, 2017, Williams filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted by his plea of guilty in the Wayne County Circuit Court of carjacking, Mich. Comp Laws § 750.529a, and possession of a firearm in the commission of a felony, Mich. Comp Laws § 750.227b. Petitioner was sentenced to nine to twenty five years imprisonment on the carjacking conviction and two years in prison on the felony-firearm conviction. Petitioner alleges that the trial court erred in denying his motion to withdraw his plea of guilty, that he was denied the effective assistance of trial counsel, and that he was denied his right to a direct appeal and the effective assistance of appellate counsel. Respondent has filed an answer to the petition, asserting that the claims lack merit and/or are moot. For the following reasons, the petition will be denied.

**I.**

Petitioner pleaded guilty to carjacking and felony-firearm in the Wayne County Circuit Court. Pursuant to that agreement, the prosecutor agreed to dismiss three charges against

Petitioner. There was also a *Cobbs* agreement that Petitioner would be sentenced to nine to twenty five years on the carjacking conviction, plus two years on the felony-firearm conviction.[1] Tr. 6/23/14, pp. 3–4. The judge advised Petitioner of the rights that he would be waiving by pleading guilty. *Id*. pp. 4–5. The following exchange took place between the judge and Petitioner:

> THE COURT: If I accept your plea, you may not claim the plea was a result of promises or threats not disclosed to me?
>
> MR. WILLIAMS: Yes.
>
> THE COURT: And you may not claim it was not your choice to plead guilty?
>
> MR. WILLIAMS: Yes.
>
> THE COURT: If I accept your plea, any appeal of the conviction and sentence will be by application for leave to appeal and not by right, you understand that?
>
> MR. WILLIAMS: Yes.
>
> THE COURT: On March 24th, 2014, were you at 17615 Patton in the City of Detroit?
>
> MR. WILLIAMS: Yes.
>
> THE COURT: And did you steal a Dodge from a person by the name of Charles Bradford at the time he was in the vehicle?
>
> MR. WILLIAMS: Yes.
>
> THE COURT: And did you have a weapon at the time?
>
> MR. WILLIAMS: Yes.
>
> THE COURT: What was the weapon?
>
> MR. WILLIAMS: AK-47.
>
> THE COURT: And you used that in order to force him to get out of the car?

---

[1] *People v. Cobbs*, 443 Mich. 276, 505 N.W.2d 208 (1993), the Michigan Supreme Court authorized a judge to preliminarily indicate the appropriate length of sentence, but if the defendant subsequently pleads guilty and the judge determines that the sentence must exceed the preliminary evaluation, the defendant has an absolute right to withdraw the plea. *See* M.C.R. 6.310(B)(2)(b); *Wright v. Lafler*, 247 F. App'x. 701, 703 n.1 (6th Cir. 2007).

>   MR. WILLIAMS: Yes.
>
>   THE COURT: And you actually drove it away?
>
>   MR. WILLIAMS: Yes.

*Id*. pp. 5–6.

On the day of sentencing, Petitioner moved to withdraw his guilty plea. The following exchange took place between Petitioner and the judge:

>   MR. WILLIAMS: Yes, your Honor, for the record, I wish to withdraw my plea today, your Honor, simply because I'm innocent of this crime. I wish to take a polygraph test to prove that I'm innocent. Also, I was coerced into taking this plea by force because I was pressured into this involuntarily and I was left without no choice. I was told by the judge that at the time the charges would be stacked if I didn't accept the plea and I was scared.
>
>   THE COURT: I didn't say it would, I said it could be.
>
>   MR. WILLIAMS: And I was scared and I didn't know what to do. I'm wishing to withdraw my plea today.
>
>   THE COURT: Well, the carjacking offense does carry a consecutive sentencing if you're convicted of all of the charges in the Information. So the sentence for carjacking, armed robbery, carrying a concealed weapon, felonious assault would be consecutive to the sentence for carjacking. And obviously the felony firearm is a mandatory two. And Mr. Williams, it is true, is it not that you pled guilty to this offense under oath?
>
>   MR. WILLIAMS: Yes.
>
>   THE COURT: If you withdraw your plea, you are telling me that you lied when you made that plea, is that correct?
>
>   MR. WILLIAMS: Yes.
>
>   THE COURT: Well, that subjects you to penalties for perjury which in this case is an, could be an additional charge with up to life in prison, you understand that?
>
>   MR. WILLIAMS: Yes.

Tr. 7/11/14, pp. 5–6.

Both the prosecutor and defense counsel told the judge that they did not believe that Petitioner had a legal basis to withdraw his plea of guilty. *Id.,* pp. 6–7. The judge agreed and denied the motion to withdraw. *Id.* p. 7. When the judge asked Petitioner if he had anything to say regarding sentencing, Petitioner replied:

> Yes, I'm innocent of this crime. I'm asking for a polygraph test to prove that I'm innocent. I didn't do this. I didn't do it. I'm asking for a polygraph test to prove that I didn't do it. I didn't do it.

*Id*. p. 7.

The judge sentenced Petitioner to nine to twenty five years on the carjacking conviction plus two years on the felony-firearm conviction. *Id.*, p. 7. Petitioner requested the appointment of appellate counsel. Frederick Finn was appointed to represent Petitioner on his appeal. Mr. Finn unexpectedly passed away before filing an appellate brief on Petitioner's behalf. On February 10, 2015, the court issued an order appointing substitute counsel, Arthur Rubiner.

Mr. Rubiner filed a post-conviction motion for relief from judgment with the trial court pursuant to M.C.R. 6.500, *et. Seq.* The judge denied the motion, in part because Petitioner failed to show cause and prejudice, as required by M.C.R. 6.508(D)(3), for failing to raise his claims on a direct appeal. *People v. Williams,* No. 14-002951-FC (Wayne Cty.Cir.Ct. Mar. 22, 2016).

Mr. Rubiner then filed an application for leave to appeal to the Michigan Court of Appeals. The Michigan Court of Appeals denied the application "because defendant . . . failed to establish that the trial court erred in denying the motion for relief from judgment." *People v. Williams,* No. 332367 (Mich.Ct.App. June 6, 2016).

Petitioner filed a *pro se* application for leave to appeal to the Michigan Supreme Court. As part of his application, Petitioner essentially argued that he had been constructively denied the effective assistance of appellate counsel because his first appellate attorney died before the time

period for filing a direct appeal had expired and his second appellate counsel was appointed only after the appeal period had expired, forcing his second appellate counsel to have to seek relief via a post-conviction motion for relief from judgment. *See* Dkt. 8-6.

The Michigan Supreme Court issued the following order:

> On order of the Court, the application for leave to appeal the June 6, 2016 order of the Court of Appeals is considered and, pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we REMAND this case to the Court of Appeals for reconsideration of the defendant's April 6, 2016 delayed application for leave to appeal under the standard applicable to direct appeals. The defendant's former appellate attorney failed to timely file in the Court of Appeals, on direct review, a delayed application for leave to appeal within the deadlines set forth in MCR 7.205(G)(3). Because appointed counsel died shortly before the time expired for seeking leave to appeal under MCR 7.205(G), the defendant was constructively denied the assistance of counsel altogether. See *Roe v. Flores–Ortega*, 528 U.S. 470, 477, 120 S.Ct 1209, 145 L.Ed.2d 985 (2000); *Peguero v. United States*, 526 U.S. 23, 28, 119 S.Ct. 961, 143 L.Ed.2d 18 (1999). The motion to add additional issue and the motion to remand to the trial court are DENIED as moot.

*People v. Williams*, 500 Mich. 924, 888 N.W.2d 115, 116 (Mich. 2017).

On remand, the Michigan Court of Appeals issued the following order:

> After remand from the Supreme Court for reconsideration under the standard applicable to direct appeals, the Court orders that the application for leave to appeal is DENIED for lack of merit in the grounds presented.

*People v. Williams,* No. 332367 (Mich. Ct. App. Feb. 8, 2017).

The Michigan Supreme Court subsequently denied Petitioner leave to appeal. *People v. Williams*, 500 Mich. 1004, 895 N.W.2d 534 (2017).

Petitioner seeks a writ of habeas corpus on the following grounds:

> I. A writ of habeas corpus should be issued where petitioner is innocent of the crimes for which he pled to and the failure to allow him to withdraw his *Cobb* based plea agreement, prior to the imposing of the sentences denied him of his rights to due process and fundamental fairness.
>
> II. A writ of habeas corpus should be issued where petitioner was deprived of his Fifth, Sixth and Fourteenth Amendment constitutional rights to the effective assistance of counsel during his *Cobb* based plea agreement and sentencing when

counsel failed to seek withdrawal of the plea after being informed that his client is innocent of the crimes for which he pled to.

III. A writ of habeas corpus should be issued where petitioner was denied his Fifth, Sixth and Fourteenth Amendment rights to a direct appeal following his *Cobb* based plea conviction and sentencing where the untimely death of petitioner's initial appellate counsel foreclosed his direct appeal, and where his newly appointed appellate counsel sought relief from judgment, as opposed to seeking to reopen his direct appeal. Alternatively, a writ of habeas corpus should issue where the Michigan Court of Appeals failed to consider the issue presented under the standards applicable to direct appeal after being instructed to do so by the Michigan Supreme Court to afford petitioner due process of law.

## II.

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), which govern this case, "circumscribe" the standard of review which federal courts must apply when considering applications for a writ of habeas corpus raising constitutional claims. *See Wiggins v. Smith*, 539 U.S. 510, 520 (2003).

As amended, 28 U.S.C. § 2254(d) permits a federal court to issue the writ only if the state court decision on a federal issue "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or it amounted to "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) & (2); *Franklin v. Francis*, 144 F. 3d 429, 433 (6th Cir. 1998). Mere error by the state court will not justify issuance of the writ; rather, the state court's application of federal law "must have been objectively unreasonable." *Wiggins*, 539 U.S. at 520-21 (*quoting Williams v. Taylor*, 529 U.S. 362, 409 (2000) (internal quotes omitted)). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct."). *See also West v. Seabold*, 73 F. 3d 81, 84 (6th Cir. 1996) (stating that

"[t]he court gives complete deference to state court findings of historical fact unless they are clearly erroneous").

The Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases....
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams*, 529 U.S. at 405-06.

The Supreme Court has held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause of § 2254(d)(1) "when a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Id*. at 409. The Court has "explained that an unreasonable application of federal law is different from an incorrect application of federal law. Indeed, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must be objectively unreasonable. This distinction creates a substantially higher threshold for obtaining relief than *de novo* review.

AEDPA thus imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be "given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (finding that the state court's rapid declaration of a mistrial on grounds of jury deadlock was not unreasonable even where "the jury only deliberated for four hours, its notes were arguably ambiguous, the trial judge's initial question to the foreperson was imprecise, and the

judge neither asked for elaboration of the foreperson's answers nor took any other measures to confirm the foreperson's prediction that a unanimous verdict would not be reached") (internal quotation marks and citations omitted). *See also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (noting that the Supreme "Court has held on numerous occasions that it is not "'an unreasonable application of clearly established Federal law'" for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (*quoting Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam)); *Phillips v. Bradshaw*, 607 F. 3d 199, 205 (6th Cir. 2010); *Murphy v. Ohio*, 551 F. 3d 485, 493-94 (6th Cir. 2009); *Eady v. Morgan*, 515 F. 3d 587, 594-95 (6th Cir. 2008); *Davis v. Coyle*, 475 F. 3d 761, 766-67 (6th Cir. 2007); *King v. Bobby*, 433 F. 3d 483, 489 (6th Cir. 2006); *Rockwell v. Yukins*, 341 F. 3d 507, 512 (6th Cir. 2003)(en banc).

The Michigan Court of Appeals on remand denied Petitioner's application for leave to appeal in a form order "for lack of merit in the grounds presented." The Michigan Supreme Court subsequently denied Petitioner leave to appeal in a standard form order without any extended discussion. Determining whether a state court's decision resulted from an unreasonable legal or factual conclusion, as would warrant federal habeas relief, does not require that there be an opinion from the state court that explains the state court's reasoning. *Harrington v. Richter*, 562 U.S. 86, 98 (2011). "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Id*. In fact, when a habeas petitioner has presented a federal claim to a state court and that state court has denied relief, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Id*. at 99. That presumption may be overcome only when there is a reason to think that some other explanation for the state court's decision is more likely. *Id*. at 99–100.

In the present case, the AEDPA deferential standard of review applies to Petitioner's claims where the Michigan Court of Appeals rejected Petitioner's appeal "for lack of merit in the grounds presented" and the Michigan Supreme Court subsequently denied leave to appeal in a standard form order, because these orders amounted to a decision on the merits. *See Werth v. Bell*, 692 F. 3d 486, 492–94 (6th Cir. 2012).

## III.

### A.

Petitioner first argues that the trial court erred in refusing to permit him to withdraw his guilty plea. Petitioner argues that he should have been permitted to withdraw his plea because he is innocent of the charges and his trial counsel coerced him into pleading guilty.

As an initial matter, there is no federal constitutional right to withdraw his guilty plea. *See Hynes v. Birkett,* 526 F. App'x. 515, 521 (6th Cir. 2013). *See also Adams v. Burt,* 471 F. Supp. 2d 835, 843 (E.D. Mich. 2007) (internal citations omitted). Unless the plea violated a clearly-established constitutional right, the state trial court has discretion to allow the withdrawal of a criminal defendant's guilty plea. *See Hoffman v. Jones,* 159 F. Supp. 2d 648, 655 (E.D. Mich. 2001).

Generally, the only question on collateral review of a guilty plea is whether the plea was counseled and voluntary. *United States v. Broce*, 488 U.S. 563, 569 (1989). Therefore, the specific question for this Court is whether Petitioner's guilty plea was voluntary and intelligent. *Hoffman,* 159 F. Supp. 2d at 655. "A plea of guilty is constitutionally valid only to the extent it is 'voluntary' and 'intelligent.'" *Bousley v. United States*, 523 U.S. 614, 618 (1998) (citing *Brady v. United States,* 397 U.S. 742, 748 (1970)). A guilty plea is voluntary if the accused understands the nature of the charges against him and the constitutional protections that he is waiving. *Henderson v.*

*Morgan*, 426 U.S. 637, 645, n. 13 (1976). A plea is knowing and intelligent if it is done "with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970). The defendant must also be aware of the maximum sentence that can be imposed for the crime for which he or she is pleading guilty. *King v. Dutton*, 17 F. 3d 151, 154 (6th Cir. 1994).

When a petitioner brings a federal habeas petition challenging his or her plea of guilty, the state generally satisfies its burden by producing a transcript of the state court proceedings showing that the plea was made voluntarily. *Garcia v. Johnson*, 991 F. 2d 324, 326 (6th Cir. 1993). The factual findings of a state court that the guilty plea was properly made are generally accorded a presumption of correctness. A habeas petitioner must overcome a heavy burden if the federal court is to overturn these findings by the state court. *Id.* Additionally, a habeas petitioner bears a heavy burden of rebutting the presumption that his or her guilty plea, as evidenced by the plea colloquy, is valid. *Myers v. Straub,* 159 F. Supp. 2d 621, 626 (E.D. Mich. 2001).

It is only when the consensual character of a guilty plea is called into question that the validity of a guilty plea may be impaired. *Mabry v. Johnson*, 467 U.S. 504, 508-09 (1984). A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his or her own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (i.e. bribes). *Id.*

Petitioner's claim that his counsel coerced him into pleading guilty is defeated by the fact that Petitioner stated on the record at the plea hearing that no threats had been made to get him to plead guilty. Petitioner's later claim that he was coerced into pleading guilty is insufficient to

overcome the presumption of verity which attaches to Petitioner's statements during the plea colloquy, in which he denied that any threats had been used to get him to enter his plea. *See Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 750-51 (E.D. Mich. 2005). Moreover, the Sixth Circuit has noted that "[w]here a defendant is aware of the condition or reason for a plea withdrawal, at the time the guilty plea is entered, a case for withdrawal is weaker." *United States v. Spencer,* 836 F. 2d 236, 239 (6th Cir. 1987). Because Petitioner knew about this alleged coercion at the time that he entered his plea, his unexplained delay in bringing this alleged coercion to the attention of the trial court until several weeks later undermines the credibility of his claim that he was coerced into pleading guilty. *See United States v. Ford,* 15 F. App'x. 303, 309 (6th Cir. 2001). Finally, Petitioner presented no extrinsic evidence, either to the state courts, or to this Court, to substantiate his claim that his plea was made as the result of threats or duress from defense counsel, so as to justify vacating his plea. *See Spencer,* 836 F. 2d at 240–41.

Petitioner further argues that he should have been permitted to withdraw his plea because he is innocent. A solemn declaration of guilt by the defendant carries a presumption of truthfulness. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *Henderson v. Morgan*, 426 U.S. at 648. Bald assertions of innocence are insufficient to permit a defendant to withdraw his or her guilty plea. *United States v. Jones*, 336 F. 3d 245, 252 (3rd Cir. 2003). "Assertions of innocence must be buttressed by facts in the record that support a claimed defense." *Id.* (internal quotation omitted). The mere assertion of innocence, absent a substantial supporting record, is insufficient to overturn a guilty plea, even on direct appeal. *See Everard v. United States*, 102 F. 3d 763, 766 (6th Cir. 1996). Petitioner's mere recantation of his guilty plea, without any support, would therefore be insufficient to have his plea overturned. *Id.* In fact, "some courts have held that the absence of a defendant's vigorous and repeated protestations of innocence support the denial of a motion to

withdraw a guilty plea." *United States v. Baez,* 87 F. 3d 805, 809 (6th Cir. 1996). When a criminal defendant agrees with the factual basis that supports his or her guilty plea, any subsequent statements that he or she is not guilty is not "the 'vigorous and repeated protestations of innocence' that would support a motion to withdraw a guilty plea." *United States v. Osborne*, 565 F. Supp. 2d 927, 934 (E.D. Tenn. 2008) (quoting *United States v. Dixon*, 479 F.3d 431, 437 (6th Cir. 2007) (quoting *Baez*, 87 F. 3d at 809). A defendant's belated claim of innocence without more is insufficient to justify withdrawal of a guilty plea. *See United States v. Gregory*, 41 F. App'x. 785, 792 (6th Cir. 2002).

Petitioner presented no evidence to this Court that he is actually innocent of the crime. A federal habeas court reviewing a belated claim of innocence which contradicts a prior, valid guilty plea must draw all permissible inferences in favor of the prosecution and against Petitioner. *See Ferrer v. Superintendent*, 628 F. Supp. 2d 294, 308 (N.D.N.Y. 2008). *See also Garrison v. Elo,* 156 F. Supp. 2d 815, 829 (E.D. Mich. 2001) (petitioner's "admissions of factual guilt are entitled to great weight"). There is no evidence that Petitioner repeatedly protested his innocence. Petitioner clearly admitted the factual basis for the charges at the plea hearing. Because Petitioner stated under oath at his guilty plea hearing that he was guilty of participating in the crimes for which he was convicted, he was not entitled to withdraw his guilty plea. *See U.S. v. Young,* 310 F. App'x. 784, 793 (6th Cir. 2009). Petitioner's "self-serving" statement of innocence at sentencing "should not overcome the fact" that Petitioner pled guilty before the state trial court and, under oath, explained his role in the crime. *See U.S. v. Graham*, 278 F. App'x. 538, 547–48 (6th Cir. 2008). Petitioner is not entitled to relief on his first claim.

**II.**

Petitioner next contends that trial counsel was ineffective for failing to move to withdraw Petitioner's plea of guilty. To show that he or she was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id*. In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689. Second, the defendant must show that such performance prejudiced his or her defense. *Id*. To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. The Supreme Court's holding in *Strickland* places the burden on the defendant who raises a claim of ineffective assistance of counsel, and not the state, to show a reasonable probability that the result of the proceeding would have been different, but for counsel's allegedly deficient performance. *See Wong v. Belmontes*, 558 U.S. 15, 27 (2009).

More importantly, on habeas review, "the question 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable-a substantially higher threshold.'" *Knowles v. Mirzayance*, 556 U.S. at 123 (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). "The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland's* standard." *Harrington v. Richter*, 562 U.S. at 101. Indeed, "because the *Strickland* standard is a general standard, a state

court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Knowles,* 556 U.S. at 123 (citing *Yarborough v. Alvarado*, 541 U.S. at 664). Pursuant to the § 2254(d)(1) standard, a "doubly deferential judicial review" applies to a *Strickland* claim brought by a habeas petitioner. *Id.* On habeas review of a state court conviction, "[a] state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself."*Harrington*, 562 U.S. at 101. "Surmounting *Strickland's* high bar is never an easy task." *Id.* at 105 (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)).

Petitioner is not entitled to habeas relief on his ineffective assistance of counsel claim. First, Petitioner himself moved to withdraw his guilty plea on the day of sentencing. Second, as this Court indicated when rejecting Petitioner's first claim, there is no basis to permit Petitioner to withdraw his plea because Petitioner offered no evidence that his plea was coerced or that he is innocent. Thus, the motion Petitioner faults his attorney for failing to file was, actually, filed. And it was properly rejected. Counsel's strategic decision to not file a meritless motion was not ineffective.

Petitioner failed to show any reasonable likelihood that a motion to withdraw his guilty plea would have been granted, thus, Petitioner was not prejudiced by his attorney's failure to file a motion to withdraw his guilty plea. *See Franks v. Lindamood,* 401 F. App'x. 1, 7 (6th Cir. 2010). Petitioner is not entitled to relief on his second claim.

### III.

Finally, Petitioner argues he was constructively denied the assistance of appellate counsel, denied his right to file a direct appeal, and denied the effective assistance of appellate counsel. Petitioner bases his claim on the fact that his first court-appointed appellate counsel died during the time period for filing an application for leave to appeal to the Michigan Court of Appeals and

that by the time that second counsel had been appointed to represent Petitioner, the six month period for filing an appeal with the Michigan Court of Appeals pursuant to M.C.R. 7.205 had expired. Petitioner argues that his second appellate counsel was ineffective for challenging his conviction by filing a post-conviction motion for relief from judgment pursuant to M.C.R. 6.500, *et. seq.*, rather than by seeking to reopen Petitioner's direct appeal based on the fact that second counsel had been appointed as substitute counsel only after his first appellate attorney had died and after the six month period for filing an appeal had expired.

The respondent argues that the claim is moot because the Michigan Supreme Court remanded the matter to the Michigan Court of Appeals to review the case under the standard for direct appeals. On remand, the Michigan Court of Appeals applied this standard of review to reject Petitioner's claims and affirm his conviction.

The Sixth Amendment guarantees a defendant the right to the effective assistance of appellate counsel both on appeals of right, *See Evitts v. Lucey*, 469 U.S. 387, 396-397 (1985), and on first-tier discretionary appeals. *Halbert v. Michigan*, 545 U.S. 605, 609–10 (2005).[2] Petitioner's claim or claims have all been mooted because the Michigan Supreme Court remanded the case to the Michigan Court of Appeals to review Petitioner's case under the standard applicable for direct appeals.

Petitioner is thus unable to establish that he was prejudiced because of his initial inability to file a timely appeal, in light of the fact that the Michigan Court of Appeals was ordered to treat

---

[2] In November of 1994, Michigan voters approved Proposal B, which amended the state constitution to remove the right of appeal from criminal defendants who plead guilty. Proposal B amended Mich. Const. 1963, art. 1, § 20, to state that a criminal defendant has "an appeal as a matter of right, except as provided by law an appeal by an accused who pleads guilty or nolo contendere shall be by leave of the court....". Because Petitioner pleaded guilty, he was not entitled to an appeal of right but did have the right to file an application for leave to appeal. *Halbert* indicated that defendants in plea-based cases have the right to the effective assistance of counsel on such appeals.

the application for leave to appeal as a direct appeal. *See e.g. United States v. Skelton*, 68 F. App'x. 605, 607 (6th Cir. 2003) (defendant was not prejudiced by defense counsel's failure to file timely notice of appeal, barring ineffective assistance of counsel claim on that basis, where defendant was granted an extension of time in which to file his notice of appeal); *United States v. Herrera-Rivera*, 25 F.3d 491, 497 (7th Cir. 1994) (defendant suffered no prejudice from counsel's failure to file timely notice of appeal when district court permitted out-of-time appeal); *Jones v. Carroll*, 388 F. Supp. 2d 413, 421 (D. Del. 2005) (state appellate court did not act contrary to or unreasonably apply clearly established federal law in determining that habeas petitioner was not prejudiced by counsel's failure to timely file direct appeal, as required element of ineffective assistance claim, where state trial court reinstated petitioner's sentence so that he might perfect a timely appeal). "Since no other Supreme Court precedent has expanded the *Evitts* rule to require a forum for ineffective assistance of appellate counsel claims when the appellant's case was actually heard and decided," as was the case here, Petitioner is not entitled to habeas relief on his third claim. *Wilson v. Parker*, 515 F.3d 682, 708 (6th Cir. 2008), *as amended on denial of reh'g and reh'g en banc* (Feb. 25, 2009).

## IV.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must be issued. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R.App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if Petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that ... jurists could

conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.* at 336–37.

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254. Having considered the matter, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted in this case. The Court further concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal because any appeal would be frivolous. See Fed.R.App. P. 24(a).

**V.**

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus, ECF No. 1, is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED.**

It is further **ORDERED** that permission to proceed *in forma pauperis* on appeal is **DENIED.**

Dated: July 9, 2018                                                              s/Thomas L. Ludington
                                                                                        THOMAS L. LUDINGTON
                                                                                        United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 11, 2018.

s/Kelly Winslow
KELLY WINSLOW, Case Manager